United States District Court
District of Rhode Island

C.A. No. 06-381T

Complaint for Relief Constitution Violation

John Oliveira

v

Judge Alice Gibney

Constitution Violation under guise of being clothed with Authority Prohibited by USCC 42-1983.

JURISDICTION

This Honorable Court takes original jurisdiction under 1331 Federal Question Constitutional Violation Claims of Citizen Plaintiff US Constitutional Right 14th Amendment Equal Protection and due Process of Law - nor any state deprive a citizen equal protection of Law Rights when State Court denies citizen equal protection of its laws under guise of authority (Constitution Violations) arise also 42-1983.

District Court have original jurisdiction of all Civil Action arising under violation of US Constitution. Plaintiff is a citizen of the United States and entitled to claim, exercise and protection of all state laws under 14th Amendment of US Constitution. Necessity Clause of Constitution overrule all state law the action of defendant under guise of authority denied plaintiff protection of Rule 19 and allowed violation of RI statute 33-23-8.

Absent a state law that supercedes the Rules of Court, Rules have force of law and all citizens have right to claim, exercise and protection of aforesaid rules and laws. When defendant denied right to join parties under the guise of state authority it violated plaintiff US Constitution rights prohibited by USCC 42-1983 to prepare for jury trial.

Now comes the plaintiff and states the following violations of plaintiff US Constitution Right 14th Amendment under guise of state authority prohibited under USCC 42-1983. Plaintiff claims all of aforesaid.

1. On August 23 there was a hearing to join indispensable and necessary parties by Rule 19 needed for just adjudication defendant denied.

a. Defendant under guise of authority failed to address the factors stated in Rule 19.
First factor, to what extent a judgment rendered in person absent might be prejudicial to the person of those already parties.

b. Defendant under guise of authority failed to address factor second as stated in Rule 19.
Second factor, the extent to which, by protection provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided.

c. Defendant under guise of authority failed to address factor third, stated in Rule 19.

Third factor.

Whether a judgment rendered in person absent will be adequate.

d. Defendant under guise of authority failed to address fourth factor stated in Rule 19.

Fourth factor.

Whether the plaintiff will have adequate remedy if the action is dismissed for nonjoinder.

All the aforesaid are violations of plaintiff's constitutional rights to join parties.

2. Defendant failed under the guise of authority to respect Anderson v Anderson 108 RI 204, 283 a2d 265 1971 as stated a trial judge in applying this Rule 19 should seek to avoid a dismissal whenever possible. All of the aforesaid constitutes violations under guise of authority USCC 42-1983 violation prohibited.

3. It was concluded after discovery was completed that parties were in possession of a will.

a. Failed to revoke a will violation of 33-5-10 Mandatory see RI 119 RI 786 (RI 1978) mandatory is (Supreme Court stated) to prevent mistake, misrepresentation and fraud.

b. Parties fail to enter will into Probate. Violation of 33-7-5. This plaintiff and sister would inherit by law reason parties are necessary for trial.

4. Defendant knew or should have known defendant's friend attorney had not filed notice of entries in case and allowed friend attorney to file order no certification to administrator. All violations RI Statute 33-23-8 under guise of authority intended violation of plaintiff's Constitution Right 14th Amendment Equal Protection due process nor any state deprive citizen equal protection of its laws. All of aforesaid under guise of authority to violate plaintiff USCC 42-1983 Rights Prohibited.

5. See Dombrowski v Pfister 380 US 479 (1965). Although it may be a criminal case, courts have recognized, appeal is not always a satisfactory remedy and citizen (Plaintiff rights) might be seriously violated. This plaintiff's rights will be violation at trial. Case could be dismissed for nonjoinder and no adequate remedy.

Relief this plaintiff prays this Honorable Court is to order joinder of necessary and indispensible parties. Plaintiff's right of US Constitution exercise state laws are being denied under guise of authority 42-1983 violations prohibited. Plaintiff's rights would be seriously violated if denied right to join parties for jury trial. Case could be dismissed for non-joinder and no adequate remedy as stated in Rule 19.

Respectfully submitted,

John Oliveira
6 Wilson Street
Bristol, RI 02809
(401) 253-8971

Plaintiff will have court server serve complaint.

The statements in this complaint are true to the best of my knowledge John Oliveira.

Appeared before me this 28th day of August 2006.

Mary Hanna Allcock
Notary Public #6397
My Commission expires: 06/18/2009