UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN OLIVEIRA | : | |
| | : | |
| v. | : | C.A. No. 06-381T |
| | : | |
| | : | |
| JUDGE ALICE GIBNEY | : | |

**MEMORANDUM AND ORDER**

Plaintiff, John Oliveira filed his *pro se* Complaint on August 28, 2006. (Document No. 1). On August 31, 2006, Plaintiff filed a Motion for Emergency Stay requesting this Court to enter an order staying proceedings pending in the Rhode Island Superior Court. (Document No. 2). The Motion was referred to me for determination. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the memorandum submitted, and performing independent research, Plaintiff's Motion to Stay (Document No. 2) is DENIED.

**Discussion**

As best this Court can decipher from his Complaint, Plaintiff alleges that Justice Alice Gibney denied his Motion to join indispensable parties under Rhode Island Superior Court Rule 19 at an August 23, 2006 hearing in the Rhode Island Superior Court. Plaintiff apparently claims that Justice Gibney's denial of his motion constitutes a violation of the "US Constitution Right 14th Amendment under guise of state authority prohibited under USCC 42-1983." Compl. p. 2. Plaintiff requests that this Court "order joinder of necessary and indispensible [sic] parties." Id. at p. 4.

In his Emergency Motion, Plaintiff states that trial is set to commence September 4, 2006.[1] He refers the Court to his Complaint for an "explanation of violations and jurisdiction" and requests that this court "stay all proceedings at Superior Court until Federal Violations are addressed." See Document No. 2.

First, although the issue is not presently before me, the Court notes that the relief sought by Plaintiff in his Complaint fails to state a claim under well-established law. "A judge is absolutely immune from liability in civil actions arising out of the performance of his judicial functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 (D.R.I. 1992) (citation omitted); see also Estate of Sherman v. Almeida, 747 A.2d 470, 473-474 (R.I. 2000). Since it appears that Plaintiff is alleging a civil rights violation against Justice Gibney based on actions she took as a judicial officer in ruling on a procedural motion, it is unlikely that Plaintiff will prevail on the merits of his Complaint.

Turning to his request for a stay, that Motion must be denied. The Supreme Court's holding in Younger v. Harris, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), restricts this Court from interfering with any matters pending in the Rhode Island state courts. See Younger, 401 U.S. at 44 (policy prohibiting federal court to enjoin state court is premised on "proper respect of state functions..."). "Underlying our federal system is a presumption that the state courts are as capable as their federal counterparts of guaranteeing federal rights....One of the many ways federal courts demonstrate comity is by refusing to grant relief whenever doing so would interfere substantially with ongoing state judicial proceedings." Cobb v. Supreme Judicial Court of Massachusetts, 334 F. Supp.

---

[1] September 4, 2006 was Labor Day and the Rhode Island state courts were closed in observance of the holiday.

2d 50, 53 (D. Mass. 2004) citing Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 776 (1st Cir. 1990). Plaintiff has not set forth any facts that persuade this Court that these well-established principles should not be applied in his case. Although the Court recognizes that Plaintiff perceives there to be an injustice calling for emergency relief, he simply has not alleged any facts entitling him to the extraordinary legal relief he is seeking from this Court at this time. This Court also notes that the underlying state court litigation appears to involve a probate dispute which is generally a matter of exclusive state jurisdiction. See In re Whatley, 396 F. Supp. 2d 50, (D. Mass., 2005) (discussing probate exception to federal diversity jurisdiction). For all of these reasons, the Motion to Stay (Document No. 2) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2006