**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN OLIVEIRA** | : | |
| | : | |
| **vs.** | : | **C. A. No. 06-381T** |
| | : | |
| | : | |
| **JUDGE ALICE GIBNEY** | : | |

## DEFENDANT'S MOTION TO DISMISS

Defendant hereby moves this Honorable Court to dismiss all claims against her pursuant to the Federal Rules of Civil Procedure 12(b)(6).

Respectfully Submitted,

DEFENDANTS

By her Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Genevieve M. Allaire Johnson

Genevieve M. Allaire Johnson (Bar No. 5778)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 Extension 2298
(401) 222-2995 (fax)
gallaire@riag.ri.gov

## CERTIFICATION

I, hereby certify that a copy of the foregoing document was mailed first class, postage prepaid, on this 15th day of September, 2006, to John Oliveira, 6 Wilson Street, Bristol, RI 02809.

/s/ Genevieve M. Allaire Johnson

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN OLIVEIRA** | : | |
| | : | |
| **vs.** | : | **C. A. No. 06-381T** |
| | : | |
| | : | |
| **JUDGE ALICE GIBNEY** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant hereby moves this Honorable Court to dismiss all claims against her pursuant to the Federal Rules of Civil Procedure 12(b)(6).

FACTS AND TRAVEL

The Pro Se Plaintiff in this action contends that the defendant, the Honorable Justice Alice Bridgett Gibney, (hereinafter Judge Gibney) violated Plaintiff's constitutional rights in violation of "USCC 42 –1983". See Introductory Paragraph of Plaintiff's Complaint. Plaintiff specifically contends that Judge Gibney denied "plaintiff protection of Rule 19 and allowed violation of RI statute 33-23-8" See Plaintiff's Complaint Pg. 1

The Plaintiff maintains that on August 23rd he appeared before Judge Gibney on a Motion pursuant to Rule 19 of the Superior Court Rules of Civil Procedure. Plaintiff contends that in considering and denying the Motion, Judge Gibney failed to address four specific "factors" and violated Plaintiff's constitutional rights to join parties. See Plaintiff's Complaint Pg. 3 Par. D. Plaintiff also alleges Judge Gibney violated R.I.Gen. Laws §33-23-8. See Plaintiff's Complaint Pg. 1 Par. 2.

STANDARD

Defendant files the instant Motion pursuant to Rule 12(b)(6) and seeks dismissal of the instant action in lieu of answer. The standard of review on a motion to dismiss in lieu of answer is well-settled. First, this Court must take all well-pleaded factual averments as true. However, it "need not credit a complaint's 'bald assertions' or legal conclusions." *Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)(citations omitted).* In judging the adequacy of a plaintiff's allegations, "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation" carry no weight. *Puertorriquenos En Accion v. Herenandez, 367 F.3d 61, 68 (1st Cir. 2004); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).* Thus, Courts have noted that although "this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).* This Court's role is "to determine whether the complaint . . . alleges facts sufficient to make out a cognizable claim." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir., 2004) quoting Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002).*

ARGUMENT

Plaintiff attempts to maintain a cause of action against a member of the judiciary for actions taken in her official judicial capacity. Plaintiff's claims are barred by the doctrine of Judicial Immunity. Likewise, there is no constitutional right to joinder of parties.

The long standing and fundamental policy underlying the doctrine of judicial immunity was set forth by United States Supreme Court in *Bradley v. Fisher, 80 US (13*

*Wall.) 335, 347, 20 L.Ed. 646, 649 (1871)* when the Court noted that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." A justice is not deprived of judicial immunity because he or she erred, committed the act maliciously or was in excess of his or her authority and may be liable only in those instances wherein he or she acted in the "clear absence of all jurisdiction". *Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, (citing Bradley 13 Wall., at 351).*

Judicial actions are immune even in the face of an allegation of corruption. *Estate of Paul K. Sherman v. Almeida, 747 A2d. 470 (2000) (citing Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331).* (Court found Justice Almeida immune from suit in Complaint containing allegation that Justices engaged in acts of corruption and accepting bribes while in his judicial capacity). *Sullivan v. Kelleher, 405 F.2d 486, (1st Cir., 1968)* (Absolute Judicial immunity when clear absence of all jurisdiction over the subject matter)

In the instant matter, even accepting all averments in Plaintiff's complaint as accurate, Plaintiff maintains a cause of action for actions clearly performed by Judge Gibney within her Judicial capacity. Furthermore, there is no constitutional right to joinder of parties in litigation. As a result, Judge Gibney's actions are protected from liability by the doctrine of Judicial Immunity and Plaintiff has no constitutional right pursuant to Rule 19.

CONCLUSION

For the reasons set forth herein Defendant's Motion Motion to Dismiss should be granted.

Respectfully Submitted,

DEFENDANTS

By her Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Genevieve M. Allaire Johnson

Genevieve M. Allaire Johnson (Bar No. 5778)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 Extension 2298
(401) 222-2995 (fax)
gallaire@riag.ri.gov

## CERTIFICATION

I, hereby certify that a copy of the foregoing document was mailed first class, postage prepaid, on this 15th day of September, 2006, to John Oliveira, 6 Wilson Street, Bristol, RI 02809.

/s/ Genevieve M. Allaire Johnson