UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN OLIVEIRA | : | |
| | : | |
| v. | : | C.A. No. 06-381T |
| | : | |
| | : | |
| JUDGE ALICE GIBNEY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, John Oliveira filed his *pro se* Complaint on August 28, 2006. (Document No. 1). On September 15, 2006, Defendant moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). (Document No. 7). The Motion was referred to me for findings and recommendation. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the memoranda submitted, and performing independent research, I recommend that Defendant's Motion to Dismiss (Document No. 7) be GRANTED and Plaintiff's Complaint be DISMISSED.

**Background**

Through his Complaint, Plaintiff alleges that Rhode Island Superior Court Justice Alice Gibney denied his Motion to join indispensable parties under Rhode Island Superior Court Rule 19 at an August 23, 2006 hearing in the Rhode Island Superior Court. Plaintiff further claims that Justice Gibney failed to address four factors during the hearing, and that Justice Gibney's denial of his Motion constitutes a violation of the "US Constitution Right 14th Amendment under guise of state authority prohibited under USCC 42-1983." Compl. p. 2. Plaintiff also alleges that Justice

Gibney violated R.I. Gen. Laws §33-23-8. Id. at 1. Plaintiff requests that this Court order the joinder of parties to his state court action. Id. at 4.

**Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

**Discussion**

Plaintiff's Complaint seeks relief for decisions made by Justice Gibney in her official judicial capacity. It is well established that the claim presented in the Complaint fails to state a cause of action. "A judge is absolutely immune from liability in civil actions arising out of the performance of his judicial functions unless the judge's actions are taken in the 'clear absence of all

jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 (D.R.I. 1992) (citation omitted); see also Estate of Sherman v. Almeida, 747 A.2d 470, 473-474 (R.I. 2000) ("[c]ourts have consistently held that judicial immunity is an immunity from suit, not just an immunity from an ultimate assessment of damages").

In the present matter, even assuming all of the facts in Plaintiff's complaint to be true, Plaintiff has nevertheless sought relief for a claimed civil rights violation against Justice Gibney based on actions she took as a judicial officer in ruling on a procedural motion. There is no indication that Justice Gibney acted in the "clear absence of jurisdiction," instead, it merely appears that Plaintiff was dissatisfied with Justice Gibney's ruling and seeks to obtain a different ruling from this Court. However, the federal District Court does not have appellate jurisdiction over state Superior Court rulings. Plaintiff's remedy, if any exists, is to appeal Justice Gibney's ruling in the Superior Court action at the appropriate time. None of the facts stated in Plaintiff's Complaint form the basis for a viable claim in this Court. Accordingly, I recommend that Plaintiff's Complaint be DISMISSED and Defendant's Motion to Dismiss be GRANTED.

**Conclusion**

For the reasons discussed above, I recommend that Defendants' Motion to Dismiss be GRANTED and Plaintiff's Complaint be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 4, 2006